United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 17-12024-ref
Marc Luther McLeish                                                     Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4        User: admin          Page 1 of 1          Date Rcvd: Jul 14, 2017
                            Form ID: 318         Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 16, 2017.
```
db              +Marc Luther McLeish,    1009 Shilo Street,    Reading, PA 19605-3284
smg             +Bureau of Audit and Enforcement,   City of Allentown,    435 Hamilton Street,
                  Allentown, PA 18101-1603
smg              City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg             +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg             +Tax Claim Bureau,    633 Court Street,    Second Floor,   Reading, PA 19601-4300
13888323        +Berks Co Drs,   633 Court St Fl 6,    Reading, PA 19601-4324
13888324        +Betty Baum,    433 7th Avenue,    S. E. Oelwein,    Oelwein, IA 50662-2550
13888326        +Chase Mortgage,    3415 Vision Dr,    Columbus, OH 43219-6009
13888327        +Citicards Cbna,    Citicorp Credit Svc/Centralized Bankrupt,    Po Box 790040,
                  Saint Louis, MO 63179-0040
13915599        +JP Morgan Chase, Bank, NA,    c/o Matteo S. Weiner, Esq.,   KML Law Group, PC,
                  701 Market Street, Suite 5000,    Philadelphia, PA 19106-1541
13888328        +Schuykill Medical Center South,    420 S. Jackson St.,    Pottsville, PA 17901-3692
13888329        +Scott Cars,    3333 Lehigh Street,    Allentown, PA 18103-7036
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr              +EDI: QRHHOLBER.COM Jul 15 2017 01:33:00      ROBERT H. HOLBER,    Robert H. Holber PC,
                  41 East Front Street,    Media, PA 19063-2911
smg             +E-mail/Text: robertsl2@dnb.com Jul 15 2017 01:41:09      Dun & Bradstreet, INC,
                  3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 15 2017 01:40:33
                  Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 15 2017 01:41:18      U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13888325        +EDI: CHASE.COM Jul 15 2017 01:33:00      Chase Card,   Attn: Correspondence,    Po Box 15298,
                  Wilmington, DE 19850-5298
13888331        +EDI: WFFC.COM Jul 15 2017 01:33:00      Wells Fargo Bank Card,    Mac F82535-02f,    Po Box 10438,
                  Des Moines, IA 50306-0438
13888332        +E-mail/Text: bankruptcynotice@westlakefinancial.com Jul 15 2017 01:41:00
                  Westlake Financial Srvs,    Customer Care,    Po Box 76809,   Los Angeles, CA 90076-0809
                                                                                               TOTAL: 7

                ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13888330         Tabitha Mccleish
                                                                                   TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 16, 2017                                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 13, 2017 at the address(es) listed below:
```
              BRENNA HOPE MENDELSOHN    on behalf of Debtor Marc Luther McLeish tobykmendelsohn@comcast.net
              MATTEO SAMUEL WEINER    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com
              ROBERT H. HOLBER     trustee@holber.com, rholber@ecf.epiqsystems.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 4
```

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Marc Luther McLeish** <br> First Name   Middle Name   Last Name | Social Security number or ITIN   **xxx−xx−6109** <br> EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court **Eastern District of Pennsylvania** | | |
| Case number: **17−12024−ref** | | |

# Order of Discharge                                                                                          12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Marc Luther McLeish
fdba Money Mailer

<u>7/13/17</u>                                               **By the court:**  <u>Richard E. Fehling</u>
                                                                                    United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**